Steven A. Freund, Esq. (SBN 182645)
sfreund@freundlawfirm.com
LAW OFFICE OF STEVEN A. FREUND
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 2200
Los Angeles, California 90067
310-284-7929
310-284-8341 (fax)

Attorneys for Plaintiffs,
Harvey T. Vechery, individually and as Trustee
of The Vechery Family Trust DTD 10/9/84;
Linda Vechery, individually and as Trustee of
The Vechery Family Trust DTD 10/9/84

2009 MAR 20 PM 1:27
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
FILED

## THE UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY T. VECHERY, individually and as Trustee of The Vechery Family Trust DTD 10/9/84; LINDA VECHERY, individually and as Trustee of The Vechery Family Trust DTD 10/9/84, <br><br> Plaintiffs, <br><br> vs. <br><br> TICKET INNOVATIONS, INC., a Delaware corporation; BILL BRIDGEN, an individual; JOEL MILNE, an individual; TAGGART ROMNEY, an individual; and Does 1 through 100, inclusive, <br><br> Defendants. | Case No.: **CV-09-00939 AHM (JTLx)** <br><br> **First Amended Complaint For Damages For:** <br><br> 1. **Conversion;** <br> 2. **Unjust Enrichment;** <br> 3. **Constructive Fraud;** <br> 4. **Breach Of Fiduciary Duties;** <br> 5. **Breach of Written Contract;** <br> 6. **Breach of Written Contract;** <br> 7. **Breach of the Implied Covenant of Good Faith and Fair Dealing;** <br> 8. **Unfair Competition;** <br> 9. **Conspiracy;** <br> 10. **Accounting;** <br> 11. **Declaratory Relief.** <br><br> **[Jury Trial Demanded]** |

## The Parties

1.      Harvey Vechery at all times relevant to this Complaint was a trustee of The Vechery Family Trust DTD 10/9/84 and acted in his capacity as a trustee.

2.      Linda Vechery at all times relevant to this Complaint was a trustee of The Vechery Family Trust DTD 10/9/84 and acted in her capacity as a trustee.

3.      Plaintiffs are informed and believe and based thereon allege that Defendant Ticket Innovations, Inc. ("TI" or "Defendant") was in the business of supplying professional sports leagues and teams, multi-use venues and corporations with software platforms to distribute, manage and market season tickets. At all times relevant to this Complaint, Plaintiffs are informed and believe that TI has been doing business as Season Ticket Solutions.

4.      Plaintiffs are informed and believe and based thereon allege that Defendant Bill Bridgen is the Secretary of TI and a TI director. Plaintiffs are further informed and believe that Bridgen had previously served as a TI director and resigned when TI was experiencing financial difficulties in late 2002.

5.      Plaintiffs are informed and believe and based thereon allege that Defendant Joel Milne is the Treasurer of TI and a director of TI. Plaintiffs are further informed and believe that Milne had previously served as a TI director and resigned when TI was experiencing financial difficulties in late 2002.

6.      Plaintiffs are informed and believe and based thereon allege that Defendant Taggart Romney is an officer and director of TI. Plaintiffs are further informed and believe that Romney had previously served as a TI director and resigned when TI was experiencing financial difficulties in late 2002.

7.      The true names and capacities of Defendants named as Does 1 through 100 inclusive, are unknown to Plaintiffs who therefore sue them under fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to state their true names and capacities when this information has been obtained. Plaintiffs are informed and believe that each of the fictitiously named Defendants is responsible in some manner for the events and happenings complained of, thereby causing damage to Plaintiffs, as alleged.

---

2

First Amended Complaint For Damages
Case No.: CV-09-00939 AHM (JTLx)

8.      Plaintiffs are informed and believe that at all times mentioned, each of the Defendants was the agent, employee, servant, or partner of each of the remaining Defendants, and in doing the other things alleged, was at all times acting in the course and scope of such agency, employment, servitude or partnership with the permission, consent, and ratification of each other Defendant.

## Jurisdiction and Venue

9.      This action was initially filed in the Los Angeles Superior Court and Defendants removed this action to this Court on the basis of diversity jurisdiction.  Plaintiffs contend that Defendants improperly removed this action and thus, this action is properly in state court. Plaintiffs' motion to remand is scheduled to be heard on April 6, 2009.  This action is subject to *Code of Civil Procedure* §410.10.  Moreover, Defendants Bridgen, Milne and Romney contractually consented to jurisdiction in the Los Angeles Superior Court.  Accordingly, this action is within the jurisdiction of the Los Angeles Superior Court.

10.     This action is subject to *Code of Civil Procedure* §395. Venue is proper in the Los Angeles Superior Court Central District because Defendant TI maintains a business office in Los Angeles County and Defendants Bridgen, Milne and Romney contractually consented to jurisdiction in the Los Angeles Superior Court.

## Facts

11.     At all times relevant to this Complaint, Plaintiffs Harvey Vechery as Trustee of The Vechery Family Trust DTD 10/9/84 and Linda Vechery as Trustee of The Vechery Family Trust DTD 10/9/84 owned 1,610,000 shares of Series A Preferred Stock of TI. (The Vechery Family Trust and Plaintiffs Harvey Vechery and Linda Vechery when referenced collectively are referred to as the "Trust").  In about July 2004, the Trust's preferred shares of TI stock were converted into common shares of TI stock.

12.     On about February 28, 2003, TI entered into an asset purchase agreement for the sale of the majority of its assets to Paciolan, Inc. ("February 28, 2003 APA").

3

13. Paciolan, Inc. is a California corporation that maintains its principal place of business in Irvine, California.

14. Pursuant to the February 28, 2003 APA, TI consented to the jurisdiction of all the Courts in the State of California and agreed that the February 28, 2003 APA was made in California and California law shall govern the February 28, 2003 APA in all respects.

15. Moreover, at all times relevant to this Complaint, TI entered into a series of contracts regarding licensing TI's proprietary software with California sporting teams and other entities, including the Bakersfield Condors, Sacramento Rivercats Baseball Club, LLC and Tickets.com.

16. Furthermore, TI entered into promissory notes and security agreements with The Vechery Family Trust. Plaintiffs' claims partially arise out of TI's loan and security transactions with The Vechery Family Trust.

17. As part of the February 28, 2003 APA, The Vechery Family Trust received monies that Defendants had knowledge of at that time.

18. On about February 25, 2004 Attorney Benick filed a class action Complaint in the Los Angeles Superior Court purportedly on behalf of Defendants Bridgen and Milne, as well as all common shareholders of TI (including Defendant Romney) against Plaintiff Harvey Vechery alleging, *inter alia,* that he had aided and abetted breaches of fiduciary duty by the then TI directors Robert McAuliff and Ed DeBoer in regard to TI's sale of the majority of its assets to Paciolan, Inc.

19. During this time period and continuing through about late December, 2004, TI was not a corporation in good standing unable to sue (Complaint filed on about February 25, 2004) and enter into contracts (settlement agreement with Plaintiff Harvey Vechery and The Vechery Family Trust on about July 16, 2004).

20. TI's February 25, 2004 Complaint alleged jurisdiction in California on the ground that "the negotiation of [TI's] asset sale [to Paciolan, Inc.] occurred, in part, in California."

21. On about July 16, 2004, Defendants Bridgen and Milne and the class of all common shareholders of TI entered into a settlement agreement with the Plaintiff Harvey

4

**First Amended Complaint For Damages**<br>Case No.: CV-09-00939 AHM (JTLx)

Vechery and The Vechery Family Trust ("Settlement Agreement").  Attorney Benink negotiated the Settlement Agreement on behalf of Defendants Bridgen and Milne and the class of all common shareholders of TI.

22.    In about July, 2004 Defendants Bridgen and Milne, as well as attorney Benink represented orally and in the Settlement Agreement which was signed by Defendants and provided to Plaintiff Harvey Vechery and The Vechery Family Trust in Los Angeles, that Bridgen, Milne and attorney Benink were going to initiate an action against Ticketmaster, Inc. "for the benefit of Ticket Innovations, Inc. and/or its common shareholders" and in the event of any settlement or judgment cause TI to pay The Vechery Family Trust its *pro rata* share as a shareholder of TI of any proceeds of the Ticketmaster litigation .

22.    The Settlement Agreement further provides that if a settlement or judgment is obtained in the Ticketmaster, Inc. litigation that The Vechery Family Trust would receive from TI by virtue of its liquidation and preference rights certain identified amounts and that The Vechery Family Trust agrees to pay back to the Class Members, including Defendants Bridgen, Milne and Romney, the difference between the amounts The Vechery Family Trust receives from TI as a result of the Ticketmaster, Inc. litigation and certain identified retention amounts.

23.    Paragraph 27 of the Settlement Agreement provides that "[t]he parties [Bridgen, Milne and Plaintiff Harvey Vechery and The Vechery Family Trust] hereto and each Class Member [including Defendant Romney] hereby irrevocably submit to the exclusive jurisdiction of this Court [Los Angeles Superior Court] for any suit, action or proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement and exhibits thereto."

24.    On about May 17, 2007, TI, by written consent of a majority of shareholders of TI, elected Defendants Bridgen, Milne and Romney directors of TI for the years 2004 through 2007 and ratified the actions both past and present of the TI board of directors -- Defendants Bridgen, Milne and Romney -- with respect to the business operations and financial condition of TI from 2004 through 2007.

**First Amended Complaint For Damages**
Case No.: CV-09-00939 AHM (JTLx)

25.     TI maintains a business office at 400 Oceangate in Long Beach, California. TI also maintains a designated agent for service of process, Eric Benink, Esq., in California.

26.     Upon information and belief and at all times relevant to this Complaint, TI used its business office at 400 Oceangate, Long Beach, California for its business activities, including but not limited to initiating and prosecuting lawsuits in California.

27.     On about January 13, 2005, TI initiated a lawsuit against Ticketmaster, Inc. in the Los Angeles Superior Court. TI's Complaint against Ticketmaster was filed by Attorney Benink. Upon information and belief, TI settled its litigation against Ticketmaster on about November 5, 2007.

28.     On about January 30, 2008, TI initiated a lawsuit in the San Diego Superior Court against DSS Group. Again, TI's Complaint was filed by Attorney Benink. It alleged jurisdiction was proper in California because, among other things, TI "conducted substantial business activities in California." TI's litigation against DSS Group is ongoing.

29.     Consequently, since at least January, 2005 and continuing through the present TI has availed itself of the Courts of this State engaging in continuous litigation in California.

30.     On about January 4, 2008, TI and its board of directors, Defendants Bridgen, Milne and Romney, without any lawful or factual basis, refused to pay shareholder distributions in an amount exceeding the jurisdictional minimum requirements of this Court to Plaintiff Harvey Vechery and The Vechery Family Trust, claiming the Trust received an unauthorized distribution in about March, 2003 in connection with the February 28, 2003 APA with Paciolan, Inc.

31.     In this manner, Defendants Bridgen and Milne conspired with Defendant Romney by misrepresenting to Plaintiff Harvey Vechery and The Vechery Family Trust that they were initiating an action on behalf of TI or the common shareholders of TI against Ticketmaster and that they would cause TI to pay The Vechery Family Trust its *pro rata* share as a shareholder of TI of any proceeds of the Ticketmaster litigation and negotiated a term in the Settlement Agreement that The Vechery Family Trust will pay back to Class Members certain amounts arising out of the Ticketmaster litigation it receives from TI.

First Amended Complaint For Damages
Case No.: CV-09-00939 AHM (JTL.x)

32.     At the time this representation was made, Defendants Bridgen, Milne and Romney wholly controlled and dominated TI and had no intention of causing TI to pay The Vechery Family Trust any money it was lawfully entitled to from the Ticketmaster litigation.

## FIRST CAUSE OF ACTION
### CONVERSION
**(By Plaintiffs Against Defendant TI and Does 1 through 100, inclusive)**

33.     This cause of action includes Paragraphs 1 through 32.

34.     On about January 4, 2008, Defendant TI came into possession of $474,600 due the Trust and refused to tender the money to Plaintiff Harvey Vechery and The Vechery Family Trust.

35.     Defendant TI had neither lawful entitlement to the money nor a legal or factual basis to refuse to tender it to the Trust.

36.     Plaintiffs are entitled to immediate possession of their personal property, specifically their money.  Plaintiff Harvey Vechery and The Vechery Family Trust have demanded the return of their money.  Defendant TI has ignored Plaintiffs' demands.

37.     Defendant TI's act of failing to return Plaintiffs' money is an act of willful interference with that property, done without lawful justification, by which Plaintiffs are deprived of their use and possession, and which constitutes conversion.

38.     This unauthorized use of Plaintiffs' personal property has damaged Plaintiffs in an amount which cannot be precisely ascertained at this time, but which exceeds the jurisdictional limits of this Court.

39.     Furthermore, by engaging in the wrongful conduct described above, Defendant TI has acted willfully, maliciously, fraudulently and oppressively, in conscious disregard of Plaintiffs' rights.  Plaintiffs are therefore entitled to recover punitive damages in an amount sufficient to punish Defendant TI and to set an example for others.

## SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT
**(By Plaintiffs Against Defendants and Does 1 through 100, inclusive)**

40.     This cause of action includes Paragraphs 1 through 39.

41.     Defendants have wrongfully secured a benefit in the form of money due to the Trust as a common shareholder of TI for which they refuse to pay Plaintiff Harvey Vechery and The Vechery Family Trust in full. Defendants have also taken high hourly fees without justification. The reasonable value of the money is in an amount which exceeds the jurisdictional minimum requirements of this Court.

42.     It is entirely unconscionable for Defendants to withhold payment to Plaintiffs of money that is required to be distributed to the Trust as a common shareholder of TI.

43.     As a result, Defendants have been unjustly enriched to the detriment of Plaintiffs in the amount which exceeds the jurisdictional minimum requirements of this Court.

## THIRD CAUSE OF ACTION
### CONSTRUCTIVE FRAUD
**(By Plaintiffs Against Defendants Bridgen and Milne and Does 1 through 100, inclusive)**

44.     This cause of action includes Paragraphs 1 through 43

45.     On about July 16, 2004, Defendants Bridgen and Milne both represented in writing in the Settlement Agreement, and orally in Los Angeles, California to Plaintiff Harvey Vechery, that Defendants Bridgen and Milne were going to initiate an action against Ticketmaster "for the benefit of Ticket Innovations, Inc. and/or its common shareholders" and that they would cause TI to pay The Vechery Family Trust its *pro rata* share as a shareholder of TI of any proceeds of the Ticketmaster litigation and negotiated a term in the Settlement Agreement that the Trust will pay back to Class Members certain amounts arising out of the Ticketmaster litigation it receives from TI.

46.     At the times these representations were made and continuing through the present, Defendants Bridgen, Milne and Romney wholly controlled and dominated TI and upon information and belief were officers and directors of TI. Moreover, Bridgen and Milne made

1  these misrepresentations in agreement with Romney or with Romney's ratification in an effort to

2  defraud Plaintiffs.

3       47.    By virtue of Defendants Bridgen's, Milne's and Romney's control of TI and their

4  being officers and directors of TI owed to Plaintiff Harvey Vechery and The Vechery Family

5  Trust a fiduciary duty, and by virtue of Plaintiff Harvey Vechery and The Vechery Family Trust

6  having placed confidence in the fidelity and integrity of Defendants Bridgen's and Milne's

7  representations to cause TI to initiate litigation against Ticketmaster, Inc. and that they would

8  cause TI to pay The Vechery Family Trust its *pro rata* share as a shareholder of TI of any

9  proceeds of the Ticketmaster litigation, a confidential relationship existed at all times herein

10  mentioned between Plaintiff Harvey Vechery and The Vechery Family Trust and Defendants

11  Bridgen and Milne.

12       48.    Despite having voluntarily accepted the trust and confidence reposed in

13  Defendants Bridgen and Milne by Plaintiff Harvey Vechery and The Vechery Family Trust in

14  regard to the above representations that they would cause TI to initiate litigation against

15  Ticketmaster, Inc. and that they would cause TI to pay The Vechery Family Trust its *pro rata*

16  share as a shareholder of TI of any proceeds of the Ticketmaster litigation, and in violation of

17  this relationship of trust and confidence, Defendants Bridgen and Milne abused the trust and

18  confidence of Plaintiff Harvey Vechery and The Vechery Family Trust by causing TI to refuse to

19  pay The Vechery Family Trust its *pro rata* share of the Ticketmaster litigation proceeds.

20       49.    Defendants Bridgen and Milne did the acts herein alleged with the intent to

21  deceive and defraud Plaintiffs and that Defendants' representations mentioned above were false

22  when Defendants Bridgen and Milne made them in that they had no intention to cause TI to pay

23  to Plaintiffs any money that TI or its common shareholders would receive from the Ticketmaster

24  litigation.

25       50.    Defendants Bridgen and Milne knew these representations to be false when

26  Defendants made them, or Defendants made these representations mentioned above with a

27  reckless disregard for their truth, in that Defendants knew that they had no intention to cause TI

28

---

**9**

to pay to Plaintiffs any monies that TI or its common shareholders would receive from the Ticketmaster litigation.

51.     Defendants Bridgen and Milne made these representations above with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on these representations in the manner alleged, or with the expectation Plaintiffs would so act.

52.     Plaintiffs, at the time these representations were made by Defendants Bridgen and Milne and at the time Plaintiffs took the actions alleged, were ignorant of the falsity of Defendants' representations and believed them to be true.  Plaintiffs could not, in the exercise of reasonable diligence, have discovered Defendants' representations to be false.

53.     Plaintiffs, in reliance on these representations mentioned above, entered into the Settlement Agreement and paid $100,000 in settlement of the February 25, 2004 lawsuit against Plaintiff Harvey Vechery.

54.     Plaintiffs in fact placed confidence and reliance in Defendants Bridgen and Milne until about January 4, 2008 when Defendants wrote to Plaintiffs indicating that TI would not pay Plaintiffs any money.

55.     If Plaintiffs had known of Defendants' actual intention, Plaintiffs would not have taken such action.  Plaintiffs' reliance on Defendants' Bridgen and Milne and their representations was justified pursuant to the totality of the circumstances.

56.     As a proximate result of Defendants' fraudulent conduct, Plaintiffs were induced to, and did, enter into the Settlement Agreement and paid $100,000 in settlement of the February 25, 2004 lawsuit against Plaintiff Harvey Vechery.  Plaintiffs have been injured in an amount to be shown at trial, that is not yet fully ascertained but is but is believed to be in excess of the jurisdictional minimum of this Court.

57.     Defendants' conduct constituted fraud, justifying an award of exemplary and punitive damages.

**First Amended Complaint For Damages**
Case No.: CV-09-00939 AHM (JTL.x)

## FOURTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
**(By Plaintiffs Against Defendants Bridgen, Milne, Romney and Does 1 through 100, inclusive)**

58.     This cause of action includes Paragraphs 1 through 57.

59.     By virtue of their positions as directors and officers of TI, Defendants Bridgen, Milne and Romney owed to Plaintiffs, the highest duty of loyalty, honesty and care in conducting TI's affairs.

60.     Defendants Bridgen, Milne and Romney knowingly, recklessly, and culpably breached their fiduciary duty of loyalty, honesty and care to Plaintiffs by, *inter alia*:

(a)     By wrongfully offsetting monies otherwise payable to the Plaintiffs against monies paid to the Trust in 2003 as a result of the February 28, 2003 APA that Defendants had knowledge of at that time;

(b)     By failing to provide Plaintiffs despite Plaintiffs' three requests evidence to support any sources of information from which TI made its determinations of the amounts and purposes of the payments made to the Trust in 2003 and the means and methods which TI used to make such determinations to justify its offsetting monies otherwise due to the Trust as a common shareholder;

(c)     By favoring other shareholders in the distribution of monies over Plaintiffs;

(d)     By failing to distribute monies to Plaintiffs as a common shareholder of TI that Plaintiffs are entitled to.

61.     Defendants Bridgen, Milne and Romney, individually and in concert, engaged in the aforesaid conduct in knowing, intentional, and reckless disregard of their fiduciary duties which they owed to Plaintiffs, as directors and officers of TI, or acted with such gross negligence or indifference to their responsibilities that they may be held personally liable for the wrongs complained of.

62.     Defendants Bridgen, Milne and Romney conspired to abuse and did abuse the control reposed in them by virtue of their positions as directors and officers of TI.

**First Amended Complaint For Damages**
Case No.: CV-09-00939 AHM (JTLx)

63.     Plaintiffs have been injured by reason of Defendants Bridgen's, Milne's and Romney's breach and/or culpable disregard of their fiduciary duties as set forth above, and have suffered damages.

## FIFTH CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
**(By Plaintiffs Against Defendant TI and Does 1 through 100, inclusive)**

64.     This cause of action includes Paragraphs 1 through 63.

65.     Upon information and belief, the articles of incorporation of TI provide that all distributions to shareholders will be made equally on a per-share basis.

66.     At all times relevant to this Complaint Plaintiffs have been shareholders of TI.

67.     The articles of incorporation of TI constitute a written contract between TI and Plaintiffs because Plaintiffs, in purchasing their shares of TI stock, agreed that Plaintiffs' rights relative to their TI stock are governed by TI's articles of incorporation.

68.     Plaintiffs performed all of their obligations, conditions, covenants and promises required under the TI articles of incorporation.

69.     On about January 4, 2008, Defendant TI breached the articles of incorporation by refusing to distribute to Plaintiffs TI shareholder distributions that Plaintiffs were entitled to.

70.     As a direct and proximate result of TI's breach of its articles of incorporation, Plaintiffs have not received the sums rightfully owed to them, and have thereby been damaged in an amount to be proven at trial in an amount in excess of the jurisdictional minimum requirements of this Court.

## SIXTH CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
**(By Plaintiffs Against Defendants and Does 1 through 100, inclusive)**

71.     This cause of action includes Paragraphs 1 through 70.

**First Amended Complaint For Damages**
Case No.: CV-09-00939 AHM (JTL.x)

72.     On July 16, 2004, Defendants Bridgen, Milne, and the TI common shareholders, including Romney (but not the named class action defendants) entered into the Settlement Agreement.

73.     The Settlement Agreement provides that the "Plaintiffs [Bridgen, Milne, and the TI common shareholders, including Romney] seek to initiate litigation against Ticketmaster and/or other related parties ("Ticketmaster Litigation") for the benefit of Ticket Innovations, Inc. and/or its common shareholders."

74.     The Settlement Agreement states that the Trust would receive substantial sums from the Ticketmaster Litigation as a result of liquidation and preference rights, and it sets out a formula for a division of the funds that the Trust would receive.

75.     At this time (July 16, 2004), Defendants Bridgen, Milne and Romney, who controlled TI, expressly represented to Plaintiff Harvey Vechery that they would sue Ticketmaster for the benefit of TI and its common shareholders, since TI's corporate status was suspended and it could not litigate in its own name.

76.     On about May 17, 2007, TI, by written consent of a majority of its shareholders, elected Defendants Bridgen, Milne and Romney as directors of TI for the years 2004 through 2007 and ratified the actions both past and present of the TI board of directors -- Bridgen, Milne and Romney -- with respect to the business operations and financial condition of TI from 2004 through 2007.

77.     At the time the representation alleged in Paragraph 74 was made, Defendants Bridgen, Milne and Romney wholly controlled and dominated TI and had no intention of causing TI to pay to The Vechery Family Trust any amounts of monies it was lawfully entitled to arising out of the Ticketmaster litigation.

78.     Plaintiffs had duly performed all of Plaintiffs' obligations, conditions, covenants and promises required under the terms and conditions of the Settlement Agreement.

79.     On about January 4, 2008, Defendants breached the Settlement Agreement by refusing to acknowledge they were parties to or bound by its terms and conditions, and by

13

refusing to pay Plaintiff Harvey Vechery and The Vechery Family Trust any amounts of monies they were lawfully entitled under the Settlement Agreement.

80.     As a direct and proximate result of Defendants' breach of the Settlement Agreement, Plaintiffs have not received the sums rightfully owed to them, and have thereby been damaged in an amount to be proven at trial in an amount in excess of the jurisdictional minimum requirements of this Court.

## SEVENTH CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (By Plaintiffs Against Defendants and Does 1 through 100, inclusive)

81.     This cause of action includes Paragraphs 1 through 80.

82.     On about July 16, 2004, Defendants Bridgen and Milne and the class of all common shareholders of TI, including Defendant Romney, entered into the Settlement Agreement with Plaintiff Harvey Vechery and The Vechery Family Trust.

83.     Plaintiffs had duly performed all of Plaintiffs' obligations, conditions, covenants and promises required under the terms and conditions of the Settlement Agreement.

84.     All conditions required for Defendants' performance have occurred.

85.     Defendants have unlawfully interfered with Plaintiffs' right to receive the benefits of the Settlement Agreement.

86.     As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have not received the sums rightfully owed to them under the Settlement Agreement, and have thereby been damaged in an amount to be proven at trial in an amount in excess of the jurisdictional minimum requirements of this Court.

First Amended Complaint For Damages
Case No.: CV-09-00939 AHM (JTLx)

## EIGHTH CAUSE OF ACTION

### UNFAIR COMPETITION [Business and Professions Code §17200]
### (By Plaintiffs Against Defendants and Does 1 through 100, inclusive)

87.     This cause of action includes Paragraphs 1 through 86.

88.     The acts of Defendants as set forth above constitute unfair competition against Plaintiffs in violation of *Business and Professions Code* Section 17200 *et seq.*

89.     As a direct and proximate result of Defendants' acts, Defendants were unjustly enriched by wrongfully converting and withholding monies rightfully due Plaintiffs in an amount exceeding the jurisdictional minimum requirements of this Court.

## NINTH CAUSE OF ACTION

### CONSPIRACY
### (By Plaintiffs Against Defendants and Does 1 through 100, inclusive)

90.     This cause of action includes Paragraphs 1 through 89.

91.     On about July 16, 2004, Defendants knowingly and willfully conspired and agreed among themselves to defraud Plaintiffs out of monies including, but not limited to $100,000 that Plaintiff Harvey Vechery and The Vechery Family Trust paid pursuant to the Settlement Agreement and other monies rightfully due Plaintiffs as a common shareholder of TI.

92.     On about July 16, 2004, Defendants Bridgen and Milne both represented in writing in the Settlement Agreement and orally in Los Angeles, California to Plaintiff Harvey Vechery that Defendants Bridgen and Milne were going to initiate an action against Ticketmaster "for the benefit of Ticket Innovations, Inc. and/or its common shareholders" and that they would cause TI to pay The Vechery Family Trust its *pro rata* share as a shareholder of TI of any proceeds of the Ticketmaster litigation and negotiated a term in the Settlement Agreement that the Trust will pay back to Class Members certain amounts arising out of the Ticketmaster litigation it receives from TI.

93.     At the time Defendants Bridgen and Milne made these representations to Plaintiff Harvey Vechery, they had no reasonable ground for believing them to be true.  Bridgen and

Milne made these representations with the intention of inducing Plaintiffs to act in reliance on these representations, or with the expectation that Plaintiffs would so act.

94.     As a proximate result of Defendants' fraudulent conduct, Plaintiffs were induced to, and did, enter into the Settlement Agreement and paid $100,000 in settlement of the February 25, 2004 lawsuit against Plaintiff Harvey Vechery. Plaintiffs have been injured in an amount to be shown at trial, that is not yet fully ascertained but is but is believed to be in excess of the jurisdictional minimum of this Court.

95.     Defendants did these acts in Paragraph 92 pursuant to, and furtherance of, the conspiracy and above-alleged agreement.

96.     Defendant Romney furthered the conspiracy by cooperation, aid, encouragement and ratified and adopted the acts of Defendant Bridgen and Milne because at the times these representations were made and continuing through the present, Bridgen, Milne and Romney wholly controlled and dominated TI and were directors of TI.

97.     Plaintiffs allege upon information and belief that the last overt act in pursuance of Defendants' conspiracy occurred on about January 4, 2008, on which date TI and its board of directors, Defendants Bridgen, Milne and Romney refused to pay shareholder distributions in an amount exceeding the jurisdictional minimum requirements of this Court to Plaintiff Harvey Vechery and The Vechery Family Trust.

98.     Plaintiffs did not discover the nature of Defendants' misrepresentations until about January 4, 2008.

99.     As a proximate result of Defendants' wrongful acts, Plaintiffs were induced to, and did, enter into the Settlement Agreement and paid $100,000 in settlement of the February 25, 2004 lawsuit against Plaintiff Harvey Vechery. Plaintiffs have been injured in an amount to be shown at trial, that is not yet fully ascertained but is but is believed to be in excess of the jurisdictional minimum of this Court.

100.    Defendants' conduct constituted fraud, justifying an award of exemplary and punitive damages.

16

**First Amended Complaint For Damages**
Case No.: CV-09-00939 AHM (JTLx)

### TENTH CAUSE OF ACTION

### ACCOUNTING
**(By Plaintiffs Against Defendant TI and Does 1 through 100, inclusive)**

101.    This cause of action includes Paragraphs 1 through 100.

102.    The Trust is a common shareholder of TI is entitled to an accounting of TI's financial records and corporate expenses, including but not limited to, those alleged TI corporate expenses that on about January 4, 2008, TI and its directors, Defendants Bridgen, Milne and Romney, who by virtue of being officers and directors of TI are fiduciaries to the Trust, claimed TI incurred in an effort to deprive the Trust monies rightfully owed to it as common shareholder of TI.

103.    Plaintiffs cannot ascertain their rights and the full extent of their damages without an accounting from Defendants.

104.    Despite the Trust's repeated demands, to date, Defendants continue to refuse to provide the Trust with a complete accounting of TI's financial records and corporate expenses.

### ELEVENTH CAUSE OF ACTION

### DECLARATORY RELIEF [C.C. §1060]
**(By Plaintiffs Against Defendants and Does 1 through 100, inclusive)**

105.    This cause of action includes Paragraphs 1 through 104.

106.    An actual controversy exists between Plaintiffs and Defendants concerning their rights and duties, in that Plaintiffs contend Defendants are parties to and bound by the Settlement Agreement, whereas Defendants contend that they are not parties to nor bound by the Settlement Agreement.

107.    Plaintiffs desire a determination of their rights and duties, and a declaration as to whether or not Defendants are parties to or bound by the Settlement Agreement, entitling Plaintiffs to certain valuable benefits.

108.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights arising from the Settlement Agreement.

---

17

THEREFORE, Plaintiffs pray for judgment against Defendants:

### ON THE FIRST CAUSE OF ACTION:

1. For the value of the property converted in the sum to be determined; and

2. For punitive damages; and

3. For interest at the a maximum legal rate of 10% on the forgoing sum from and after the date of conversion.

### ON THE SECOND CAUSE OF ACTION:

1. For general damages in an amount to be proven at trial but in no event less than the jurisdictional minimum requirements of this Court; and

2. For interest at the a maximum legal rate of 10% on the forgoing sum from January 4, 2008.

### ON THE THIRD CAUSE OF ACTION:

1. For general damages in an amount to be proven at trial; and

2. For punitive damages sufficient to set an example of Defendants, in an amount the Court deems proper, just, and appropriate.

### ON THE FOURTH CAUSE OF ACTION

1. For damages in the amount proximately caused by Defendants' breaches of fiduciary duties; and

2. For interest at the a maximum legal rate of 10% on the forgoing sum from January 4, 2008.

### ON THE FIFTH CAUSE OF ACTION

1. For general damages in an amount to be proven at trial but in no event less than the jurisdictional minimum of this Court; and

### ON THE SIXTH CAUSE OF ACTION

1. For general damages in an amount to be proven at trial but in no event less than the jurisdictional minimum of this Court; and

2. For reasonable attorneys fees.

18

First Amended Complaint For Damages
Case No.: CV-09-00939 AHM (JTLx)

### ON THE SEVENTH CAUSE OF ACTION

1. For general damages in an amount to be proven at trial but in no event less than the jurisdictional minimum of this Court.

### ON THE EIGHTH CAUSE OF ACTION:

1. For restitution in an amount to be proven at trial but in no event less than the jurisdictional minimum requirements of this Court; and

2. For interest at the a maximum legal rate of 10% on the forgoing sum from January 4, 2008.

### ON THE NINTH CAUSE OF ACTION:

1. For general damages in an amount to be proven at trial; and

2. For punitive damages sufficient to set an example of Defendants, in an amount the Court deems proper, just, and appropriate.

### ON THE TENTH CAUSE OF ACTION:

1. For a complete accounting pertaining to Defendant TI's financial status and corporate expenses, including those expenses Defendants on January 4, 2008 claimed they incurred.

### ON THE ELEVENTH CAUSE OF ACTION:

1. For a judicial declaration that Defendants are parties to and are bound by the terms and conditions of the Settlement Agreement.

Plaintiffs pray for judgment against Defendants:

### ON ALL CAUSES OF ACTION:

1. For costs of suit incurred;

2. For pre-judgment interest at the maximum legal rate permitted by law; and

3. For such other and further relief as the court may deem proper.

---

**19**

**First Amended Complaint For Damages**
Case No.: CV-09-00939 AHM (JTLx)

Dated: 3-19-09

LAW OFFICE OF STEVEN A. FREUND
A PROFESSIONAL CORPORATION


By_____ /s/ Steven A. Freund_____
Steven A. Freund, Attorneys for Plaintiffs
Harvey T. Vechery, individually and as Trustee
of The Vechery Family Trust DTD10/9/84;
Linda Vechery, individually and as Trustee of
The Vechery Family Trust DTD 10/9/84

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

Dated: 3-19-09

LAW OFFICE OF STEVEN A. FREUND
A PROFESSIONAL CORPORATION


By_____ /s/ Steven A. Freund_____
Steven A. Freund, Attorneys for Plaintiffs
Harvey T. Vechery, individually and as Trustee
of The Vechery Family Trust DTD10/9/84;
Linda Vechery, individually and as Trustee of
The Vechery Family Trust DTD 10/9/84

First Amended Complaint For Damages
Case No.: CV-09-00939 AHM (JTL.x)

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the subject action. My business address is 1801 Century Park East, Suite 2200, Los Angeles, California 90067.

On March 19, 2009, I served the foregoing documents described as:

**First Amended Complaint For Damages**

on the interested parties in the above-captioned related actions as follows:

[ X ] by placing [ ] the original [ X ] a true copy thereof enclosed in sealed envelopes addressed as follows:

     **See attached service list.**

[ X ]   **(BY MAIL)** The envelope was mailed with postage thereon fully prepaid, placed in the United States mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on March 19, 2009, at Los Angeles, California.

_Kim Nguyen_
(name)

_K____ (signature)
(signature)

1  | Attorneys for Defendants/Parties:

2

3  | Eric J. Benink, Esq.                                    Attorney for Ticket Innovations, Inc.
   | Krause Kalfayan Benink & Slavens, LLP
   | 625 Broadway, Suite 635

4  | San Diego, CA 92101

5

6  | Bill Bridgen
   | 7 Spruce Court

7  | Boston, MA 02108

8  | Joel Milne
   | 830 East Park Avenue

9  | Charlotte, NC 28203

10

11 | Taggart Romney
   | 19 Greensbrook Way
   | Belmont, MA 02478

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28