JS-6         O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0939 AHM (JTLx) | Date | April 27, 2009 |
|---|---|---|---|
| Title | HARVEY T. VECHERY, et al. v. TICKET INNOVATIONS, INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**       IN CHAMBERS (No Proceedings Held)

On December 31, 2008, Plaintiffs Harvey T. Vechery and Linda Vechery, appearing both individually and as trustees of The Vechery Family Trust, filed this action in Los Angeles Superior Court against Defendants Ticket Innovations, Inc. ("TI"), Bill Bridgen, Joel Milne, and Taggart Romney. On February 9, 2009, Defendants removed the action to this Court on the basis of diversity jurisdiction. Plaintiffs now move to remand the case based on a forum selection clause in a settlement agreement between Messrs. Vechery, Bridgen, and Milne (the latter two agreed on behalf of TI's common shareholders, including Romney). The Court finds that all of the relevant claims in the Complaint arise from or are related to the settlement agreement, and are thus subject to the forum selection clause. The Court therefore REMANDS the action in its entirety to Los Angeles Superior Court.

## I.     BACKGROUND[1]

On February 25, 2004, Bridgen and Milne, then common shareholders of Ticket Innovations, filed a class action suit in Los Angeles Superior Court on behalf of TI's common shareholders against two of TI's directors and Mr. Vechery ("class action suit"). They alleged that the directors breached their fiduciary duties and that Mr. Vechery aided and abetted the breaches. At the time, and until late December 2004, Ticket Innovations was a suspended corporation unable to contract or litigate. There is some dispute as to whether Bridgen and Milne had any control over TI when they filed the suit and when

---

[1] Unless otherwise noted, this section is based upon uncontested facts in declarations submitted by the parties.

JS-6        O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0939 AHM (JTLx) | Date | April 27, 2009 |
|---|---|---|---|
| Title | HARVEY T. VECHERY, et al. v. TICKET INNOVATIONS, INC., et al. | | |

they eventually settled it. Romney, as a common shareholder of TI, was a member of the class. The terms of the Settlement Agreement with Vechery give rise to the motion to remand now before this Court.

The Settlement Agreement provided that Vechery would pay $100,000 into a settlement fund. Settlement ¶ 3. It also recognized that The Vechery Family Trust, which Vechery controlled, owned 1,610,000 preferred shares of TI. The Agreement states that "[t]he parties understand and *agree* that as a preferred shareholder of Ticket Innovations, Inc., the Trust is entitled to certain preference, distribution and liquidation rights pursuant to Ticket Innovations, Inc.'s bylaws and articles of incorporation, security agreements, and shareholder agreements, among other documents." Settlement ¶ 4 (emphasis added). The Agreement also stated that Milne and Bridgen

> seek to initiate litigation against Ticketmaster . . . for the benefit of Ticket Innovations, Inc. and/or its common shareholders. In the event that a settlement or judgment is obtained in the Ticketmaster Litigation, Vechery expressly agrees that the [Vechery] Trust will pay to the Class Members, without reduction for attorneys fees and costs, the difference between the amount the Trust receives as a result of the Ticketmaster Litigation and the retention amounts set forth below . . . ."

Settlement ¶ 6.

Finally, the Settlement Agreement had a forum selection clause that stated "[t]he parties hereto and each Class Member hereby irrevocably submit to the exclusive jurisdiction of [the Superior Court for the County of Los Angeles] for any *suit, action proceeding or dispute arising out of or relating to* the Settlement Agreement or the applicability of the Settlement Agreement and exhibits thereto." Settlement ¶ 27.

On December 21, 2004, after Bridgen and Milne entered settlement agreements in the Class Action Suit with all of the defendants and acquired larger stakes in TI as a result, the TI shareholders elected Bridgen, Milne and Romney to serve as new directors of TI. Following their election, the new board of directors restored TI to good standing and initiated litigation against Ticketmaster on behalf of TI. The Ticketmaster litigation allegedly settled in November 2007. Compl. ¶ 22. But on or about January 4, 2008, TI and its board of directors (including Bridgen, Milne and Romney), allegedly refused to

JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0939 AHM (JTLx) | Date | April 27, 2009 |
|---|---|---|---|
| Title | HARVEY T. VECHERY, et al. v. TICKET INNOVATIONS, INC., et al. | | |

pay shareholder distributions to Plaintiffs, claiming that the Vechery Family Trust received an unauthorized distribution in March 2003. Compl. ¶ 30.

On December 31, 2008, Plaintiffs filed the instant action in Los Angeles Superior Court against TI, Bridgen, Milne, Romney, and 100 Does. The Complaint alleges eleven claims. Defendants oppose the motion to remand because they believe that "at least" claims 1, 2, 5, and 10 do not "aris[e] out of or relat[e] to the Settlement Agreement." The claims are as follows (each is alleged against all Defendants unless otherwise noted):[2]

Claim 1: "Conversion," for refusing to pay Plaintiffs a dividend in 2008.

Claim 2: "Unjust enrichment," for (a) failing to pay Plaintiffs a dividend in 2008; and (b) paying themselves high hourly fees and large salaries without justification, and renting a large suite for the 2007 annual meeting of the TI shareholders.

Claim 3: "Intentional misrepresentation," for stating in the Settlement Agreement that Bridgen and Milne would initiate an action against Ticketmaster "for the benefit of Ticket Innovations, Inc. and/or its common shareholders," when Bridgen and Milne "had no intention to cause TI to pay to Plaintiffs any money that TI or its common shareholders would receive from the Ticketmaster litigation." Plaintiffs allege that they entered into the Settlement Agreement in reliance on these representations.

Claim 4: "Negligent misrepresentation," on similar grounds as Claim 3.

Claim 5: "Breach of written contract," against only TI and the Does, for allegedly breaching a clause in TI's articles of incorporation that Plaintiffs contend provides "that all distributions to shareholders will be made equally on a per-share basis."

---

[2] Plaintiffs filed a First Amended Complaint in this Court, but to adjudicate questions related to removal the Court will evaluate the pleadings as they stood at the time of removal.

**JS-6**     O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0939 AHM (JTLx) | Date | April 27, 2009 |
|---|---|---|---|
| Title | HARVEY T. VECHERY, et al. v. TICKET INNOVATIONS, INC., et al. | | |

Claim 6:    "Breach of written contract," for allegedly breaching the Settlement Agreement by failing to acknowledge Defendants were parties to and bound by the Settlement Agreement, and therefore not paying Plaintiffs distributions they were entitled to as a result of the Ticketmaster litigation.

Claim 7:    "Breach of the implied covenant of good faith and fair dealing," for interfering with Plaintiffs' right to receive the benefits of the Settlement Agreement.

Claim 8:    "Unfair competition," for withholding distributions, as alleged in the above claims.

Claim 9:    "Conspiracy," for defrauding Plaintiffs out of monies, including but not limited to the $100,000 that Vechery paid pursuant to the Settlement Agreement, and other monies due Plaintiffs as a common shareholder of TI.

Claim 10:   "Accounting," for an accounting of TI's financial records and corporate expenses, including but not limited to, those alleged corporate expenses that in January 2008 Defendants claimed TI incurred.

Claim 11:   "Declaratory relief," for a declaration as to whether or not Defendants are parties to or bound by the Settlement Agreement.

      On February 9, 2009, TI, joined by Bridgen, Romney, and Milne, removed the case to this Court. On March 11, 2009, Plaintiffs moved to remand the case.

## II.   ANALYSIS

      The Settlement Agreement's forum selection clause provides that "[t]he parties hereto and each Class Member hereby irrevocably submit to the exclusive jurisdiction of [the Superior Court for the County of Los Angeles] for any suit, action proceeding or dispute *arising out of or relating to* the Settlement Agreement or the applicability of the Settlement Agreement and exhibits thereto." Defendants contend that "at least" four of the claims — claims 1, 2, 5, and 10 — do not arise out of or relate to the Settlement Agreement. (They do not specifically address any of the other seven claims.) They thus

**JS-6**  O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0939 AHM (JTLx) | Date | April 27, 2009 |
|---|---|---|---|
| Title | HARVEY T. VECHERY, et al. v. TICKET INNOVATIONS, INC., et al. | | |

argue that this Court must decide what the defendants characterize as a question of first impression in this Circuit: when a case is removed on the basis of diversity jurisdiction and most, but not all, of the claims in the pleading fall under a forum selection clause in a settlement agreement, should the district court remand the entire case back to state court? The Court need not answer this question because it finds that all of the relevant claims *do* arise out of or relate to the Settlement Agreement.

A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The Ninth Circuit has instructed that "[a]bsent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, the provision should be respected as the expressed intent of the parties." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984). "To establish unreasonableness of a forum selection clause the party resisting enforcement of the clause has a heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court." *Id.* at 281. "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Northern Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995).

The parties do not dispute that the forum clause at issue here is mandatory. Nor do they attempt to construe the terms "arising out of" or "relating to." The Court will thus use the commonsense, everyday definition of those terms. In a case like this one, where there is no real dispute that the majority of the claims clearly fall within the scope of the forum selection clause, the phrase "relating to" invites a particularly broad application. Moreover, an extremely narrow construal of the phrase "relating to" could result in the splitting of this case, which would undermine basic principles of judicial economy and administration.

The Court also notes at the outset that the forum selection clause applies to "any *suit*, action, proceeding or dispute arising out of or relating to the Settlement Agreement" or its applicability. (emphasis added). This language suggests that even if the four claims

**JS-6**  O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0939 AHM (JTLx) | Date | April 27, 2009 |
|---|---|---|---|
| Title | HARVEY T. VECHERY, et al. v. TICKET INNOVATIONS, INC., et al. | | |

upon which Defendants base their motion do *not* "relate to" the Agreement or the Agreement's applicability, the forum selection clause would still require remand because seven of this suit's eleven claims clearly do arise from or relate to the Settlement Agreement. If the parties meant to limit the clause's applicability to *claims* arising from or relating to the Settlement Agreement, they could have narrowed the language of the Agreement appropriately.

    As a preliminary matter, Defendants first argue that because TI was not a party to the Settlement Agreement, the forum selection clause does not apply to TI and it is therefore not barred from removing the case. But all defendants must consent to removal under 28 U.S.C. § 1441. *See generally Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006). It stands to reason that this action cannot be removed if the Settlement Agreement prohibits Bridgen, Milne, and Romney from consenting to removal. William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, § 2:889 ("Because all defendants must join in removal . . . a valid waiver of the right to remove obtained from one defendant cuts off the removal rights of the others as well." (citations omitted)). Because the Court finds that the forum selection cause encompasses this lawsuit, whether TI is bound by the Settlement Agreement is not dispositive.

    Defendants' primary argument is that the forum selection clause does not apply because "at least" four of the claims have no connection to the Agreement (although they do not specifically discuss any of the other seven claims). The Court disagrees.

    As to the first claim for conversion against all Defendants, which is based upon Defendants' alleged refusal to pay Plaintiffs a 2008 distribution, Plaintiff alleges that "Defendants came into possession of money due the [Vechery Family] Trust as a common shareholder of TI . . . and refused to tender the money to Plaintiff Harvey Vechery and The Vechery Family Trust." Compl. ¶ 35. Defendants argue that this claim does not "relate to" the Settlement Agreement because TI is not a party to the Settlement Agreement and TI's obligation to pay shareholder dividends is governed by the company's governing documents and shareholder agreements. But this claim *does* relate to the Settlement Agreement, for three reasons.

    First, it is undisputed that the individual defendants were parties to the Settlement

**JS-6**     O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0939 AHM (JTLx) | Date | April 27, 2009 |
|---|---|---|---|
| Title | HARVEY T. VECHERY, et al. v. TICKET INNOVATIONS, INC., et al. | | |

Agreement, which contains a provision stating that Bridgen and Milne will pursue litigation against Ticketmaster and that any distributions the Vechery Family Trust received as a result would be shared by the Trust and the common shareholders. Plaintiffs allege that they entered into the Settlement Agreement in reliance on this clause. The funds Vechery assumed would be distributed as a result of the Ticketmaster litigation are the funds at issue in the conversion claim. Second, the Settlement Agreement states that "[t]he parties understand and *agree* that as a preferred shareholder of Ticket Innovations, Inc., the Trust is entitled to certain preference, distribution and liquidation rights pursuant to Ticket Innovations, Inc.'s bylaws and articles of incorporation, security agreements, and shareholder agreements, among other documents." (emphasis added). By this clause the individual Defendants acknowledged that the Trust had distribution rights under the company's governing documents. Third, the Complaint seeks a declaration that TI is in fact bound by the Settlement Agreement. Although the parties fiercely dispute whether it is bound, this is a question of the "applicability of the Settlement Agreement," which itself is encompassed by the forum selection clause.

     The Complaint's second claim, for unjust enrichment, alleges that the Defendants secured a benefit by refusing to pay Plaintiffs a dividend in 2008, and then paying themselves high fees and large salaries, and renting a large suite for a shareholder meeting. Defendants contend that this is a corporate waste allegation levied against the individual defendants in their capacities as directors, years after the Agreement was executed. But again, this allegation relates to the distribution of monies upon which Plaintiffs allegedly relied when they entered the Settlement Agreement. It therefore relates to that Agreement.

     The fifth claim, for breach of contract, alleges a breach of the articles of incorporation. Although it is brought only against TI and the Does, it also addresses the question of distributions arising from the suit against Ticketmaster. It is therefore related to the Settlement Agreement. And, as discussed above, because Plaintiffs allege that TI is subject to the Settlement Agreement, the fifth claim is also dependent on the applicability of the Agreement.

     The tenth claim is for "an accounting of TI's financial records and corporate expenses, including but not limited to, those alleged TI corporate expenses that on about

**JS-6**  O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0939 AHM (JTLx) | Date | April 27, 2009 |
|---|---|---|---|
| Title | HARVEY T. VECHERY, et al. v. TICKET INNOVATIONS, INC., et al. | | |

[sic] January 4, 2008, TI and its directors, Defendants Bridgen, Milne and Romney, claimed TI incurred in an effort to deprive the [Vechery] Trust monies rightfully owed to it as common shareholder of TI. . . . Plaintiffs cannot ascertain their rights and the full extent of their damages without an accounting from Defendants." Compl. ¶¶ 103-04. This claim relates to assessing damages for the failure to distribute the proceeds that were allegedly promised to Plaintiffs to induce them to enter the Settlement Agreement.

Defendants conclude by pointing out that "[h]ad there been no Agreement in 2004, these claims would stand on their own and thus [sic], are not inextricably linked." This may be true, but the Settlement Agreement makes an explicit distinction between suits that "aris[e] out of" and those that merely "relat[e] to" the Settlement Agreement or its applicability. Although the above claims may not "arise out of" the Agreement, they certainly "relate to" it. For the reasons discussed above, the Court must give this term its common, everyday meaning, which is very broad.

Because the Court finds that every claim in this lawsuit does arise out of or relate to the Settlement Agreement, it need not consider whether a district court ought to remand a case when it is removed on the basis of diversity jurisdiction and most, but not all, of the claims in the pleading fall under a forum selection clause in a settlement agreement. (And, as stated above, even if just the majority of claims arose out of or related to the Settlement Agreement there would be good reason to find that the "suit" itself arises out of that Agreement.)

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to remand this case to the Superior Court of the State of California, Los Angeles County.[3]

|  | : |
|---|---|
| Initials of Preparer | se |

---

[3] Docket No. 13.